## PEOPLE *v.* DOUGHERTY.

1. CRIMINAL LAW—NEGLIGENT HOMICIDE—TRIAL—INSTRUCTIONS.
   In a prosecution for negligent homicide, alleged to have been caused by defendant's negligent driving of an automobile which collided with that driven by the victim, the charge of the trial judge, although somewhat ambiguous, *held*, when read as a whole, not open to the objection that it stated that the victim was driving in a careful and prudent manner at the time of the collision.[1]

2. SAME—INSTRUCTION THAT IF DEFENDANT EXCEEDED 35 MILES AN HOUR HE WAS GUILTY OF NEGLIGENCE AS MATTER OF LAW ERRONEOUS.
   In such prosecution it was reversible error for the trial judge to instruct the jury that if defendant was driving faster than 35 miles an hour he was guilty of negligence as a matter of law, and if such negligence caused the death of the victim defendant was guilty of the crime charged, in view of section 3, Act No. 98, Pub. Acts 1921, providing that in any prosecution for negligent homicide thereunder, whether defendant was driving at an immoderate rate of speed should be a question of fact and not depend upon the rate fixed by law for operating such vehicles.[2]

Exceptions before judgment from Ottawa; Cross (Orien S.) J. Submitted June 12, 1925. (Docket No. 92.) Decided July 16, 1925.

Ralph Dougherty was convicted of negligent homicide. Reversed.

*Charles E. Misner*, for appellant.

*Andrew B. Dougherty*, Attorney General, and *Fred T. Miles*, Prosecuting Attorney, for the people.

[1]Homicide, 30 C. J. § 590; [2]Id., 30 C. J. § 573.

MOORE, J.   Defendant was convicted of negligent homicide.   On the 4th day of October, 1924, defendant, who was 17 years of age and a high school student in Muskegon high school, in company with three other students started for Grand Haven.   The defendant was driving a Reo car.   They came in collision with a Ford touring car going in the same direction, which was being driven by Mr. Field.   As a result of the accident, Mr. Field died.   The case is in this court on exceptions before sentence.

There are four groups of assignments of error discussed, but we shall refer only to those growing out of the charge of the court, as the others if well taken are not likely to occur again.

Counsel says that the court charged the jury as a matter of fact that Mr. Field was driving in a careful and prudent manner, and quote as follows from the charge:

"If you find beyond a reasonable doubt from the evidence in this case that the respondent was negligent in and about the driving of the Reo car, and that this negligence resulted in his striking the Ford car, and that resulted in the death of Mr. Field who was driving his Ford in a careful and prudent manner, then even though you may find that respondent was not driving at an immoderate rate of speed, still he would be guilty of the offense here charged against him."

The language quoted is somewhat ambiguous, but if read in connection with the rest of the charge we do not think it can be said the jury were misled.

The following language is criticized:

"In this State it is provided by law that no person shall operate a motor vehicle upon a public highway at a rate of speed that is greater than is reasonable and proper, having regard to the traffic and the use of the highway, or so as to endanger the life and limb of any person or the safety of any property; and shall not in any event, while upon any highway, run at a higher rate of speed than 35 miles an hour; and if

you find from the evidence in this case and beyond a reasonable doubt that at the time of this accident the respondent, Ralph Dougherty, was operating this motor vehicle upon the public highway at a rate of speed that was greater than was then and there reasonable and proper, having regard to the traffic and the use of the highway, or so as to endanger the life and limb of any person or the safety of any property, or was driving his car at that time at a rate of speed greater than 35 miles an hour, then he is guilty of negligence as a matter of law, and if such negligence caused the death of Mr. Field, while Mr. Field was driving his car in a careful and prudent manner, then the respondent is guilty of the crime here charged against him."

Section 3 of Act No. 98, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 15226 [4]), reads:

"In any prosecution under this act, whether the defendant was driving at an immoderate rate of speed shall be a question of fact for the jury and shall not depend upon the rate of speed fixed by law for operating such vehicle."

We think the court erred in his charge.

The conviction is reversed and a new trial ordered.

McDONALD, C. J., and CLARK, BIRD, SHARPE. STEERE, FELLOWS, and WIEST, JJ., concurred.