JACKSON *v.* THE STATE OF OHIO.

(Decided January 23, 1928.)

*Mr. Dudley M. Outcalt,* for plaintiff in error.
*Mr. Charles P. Taft, II,* prosecuting attorney, and *Mr. Raymond J. Kunkel,* for defendant in error.

CUSHING, J.   The grand jury of Hamilton county returned an indictment against Charles Jackson, charging murder in the second degree.

At the trial he was found guilty of manslaughter, and this action is prosecuted to reverse the judgment entered on the verdict.

The record discloses that counsel for the state attempted to impeach or discredit Jackson as a witness, and, for that purpose, asked him the following questions:

"Q. I will ask you whether or not, as a matter of fact, you didn't murder one Dial Allen at New Castle, Pennsylvania, and you are a fugitive from

justice from that place? (Objected to by counsel for defendant, objection overruled and counsel for defendant excepted.) A. No, sir.

"Q. You are not? A. No, sir.

"Q. Were you not going under the name of Eugene Anderson at that time? A. No, sir.

"Q. Is that your picture? (Showing witness picture.) A. Yes, sir.

"Q. You are sure that on April 28, 1925, that you didn't kill one Dial Allen at New Castle, Pennsylvania? A. No, sir.

"Q. I will ask you if you didn't admit that to a lieutenant of police of the B. & O. Railroad? A. No, sir."

In rebuttal the state called Fred W. Bierman as a witness, and, after qualifying him as a lieutenant of police of the Baltimore & Ohio Railroad, and as to his acquaintance with Charles Jackson, he was asked:

"Q. I want to know whether he is wanted in New Castle, Pennsylvania, for murder? (Objected to by counsel for defendant, objection overruled, and counsel for defendant excepted.) A. Yes, sir. * * *

"Q. Do you know the degree of murder that he is wanted for there? A. No; I couldn't say."

After some further questions about a man from New Castle, Pennsylvania, coming to Cincinnati, the court said:

"I think that ought to be eliminated. The fact that he is a fugitive from justice is in evidence. The jury may consider that this officer has been looking for the defendant for a crime supposed to have been

committed in New Castle, and that is as far as it may go.''

At the conclusion of the charge, the court said:

''As I understand, there is evidence offered tending to show that he is a fugitive from justice. That was introduced for the purpose of affecting his credibility as a witness and for that purpose only * * *.''

The state failed to introduce any evidence of an indictment or affidavit, or of a conviction. Under the ruling of the Supreme Court the evidence introduced was prejudicial. In passing on similar questions in *Wagner* v. *State,* 115 Ohio St., 136, 152 N. E., 28, the Supreme Court said:

''When the state has no such further evidence, or produces none, then questions of this character become incompetent for any purpose; and, when counsel for the state knows that no convictions attended the indictments inquired about, then this line of cross-examination is wholly unfair, and is highly prejudicial to the accused.''

Counsel for the state, in introducing the evidence referred to, and the trial court, in making the statements it did, assumed and stated in the presence of the jury that Jackson was a fugitive from justice.

The Supreme Court of the United States, in *Appleyard* v. *Massachusetts,* 203 U. S., 222, 27 S. Ct., 122, 51 L. Ed., 161, 7 Ann. Cas., 1073, in construing Section 2 of Article IV of the Constitution of the United States, used the following language:

''A person charged by indictment or by affidavit before a magistrate with the commission within a state of a crime covered by its laws, and who, after the date of the commission of such crime leaves the state—no matter for what purpose or with what

motive, nor under what belief—becomes, from the time of such leaving, and within the meaning of the Constitution and the laws of the United States, a fugitive from justice, and if found in another state must be delivered up by the Governor of such state to the state whose laws are alleged to have been violated, on the production of such indictment or affidavit, certified as authentic by the Governor of the state from which the accused departed. Such is the command of the supreme law of the land, which may not be disregarded by any state."

For errors in the admission of testimony, and in the statement of the court in the presence of the jury, and for error in the charge of the court, as herein pointed out, the judgment of the court of common pleas of Hamilton county will be reversed, and the cause remanded for proceedings according to law.

*Judgment reversed and cause remanded.*

HAMILTON, P. J., and MILLS, J., concur.