DRIGGS *v.* THE STATE OF OHIO.

(Decided February 26, 1931.)

*Mr. C. M. Addison* and *Mr. H. S. Kerr,* for plaintiff in error.

*Mr. Donald J. Hoskins,* prosecuting attorney, and *Mr. Eugene Carlin,* for defendant in error.

ALLREAD, J.   The defendant, Kenneth Driggs, was indicted and convicted upon a charge of manslaughter.   A motion for new trial was overruled and sentence was imposed.   A petition in error has been filed to the judgment of the court.   While this is a charge of manslaughter, the case involves the illegal operation of an automobile.   The statutes are as follows:

Section 12603, General Code:

"No person shall operate a motor vehicle in and upon the public roads and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the road or highway and of any other conditions then existing, and no person shall drive any motor ve-

hicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.

"It shall be prima facie lawful for the operator of a motor vehicle to drive the same at a speed not exceeding the following:

"Twenty miles per hour in the business or closely built-up portions of a municipal corporation.

"Thirty-five miles per hour in all other portions of a municipal corporation.

"Forty-five miles per hour on highways outside of municipal corporations.

"It shall be prima facie unlawful for any person to exceed any of the foregoing speed limitations. In every charge of violation of this section the complaint, also the summons or notice to appear, shall specify the speed at which the defendant is alleged to have driven, also the speed, if any, which this section declares shall be prima facie lawful at the time and place of such alleged violation.

"Any person who violates the provisions of this section shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined as hereinafter provided."

Section 12603-1, General Code:

"Whoever operates a motor vehicle on the public roads or highways without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, and so as to endanger the life, limb or property of any persons while in the lawful use of the roads or highways shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined as hereinafter provided."

It is contended by counsel for plaintiff in error

that this statute is entirely different from the statute as it existed at the time of the decision of the court in *State* v. *Schaeffer*, 96 Ohio St., 215, 117 N. E., 220, 222, L. R. A., 1918B, 945, Ann. Cas., 1918E, 1137. There has been an amendment since the *Schaeffer case* in respect to the rate of speed at an intersection. At the time the *Schaeffer case* was decided, the statute provided as follows: Section 12603, General Code: "Whoever operates a motor vehicle * * * on the public roads or highways at a speed greater than is reasonable or proper, having regard for width, traffic, use and the general and usual rules of such road or highway, or so as to endanger the property, life or limb of any person, shall be fined," etc.

The difference between the statute as it then existed and as it now exists is more fanciful than real, because if the rate of speed provided in the statute is exceeded it is *prima facie* unlawful, or if the rate of speed is unreasonable under the circumstances it is unlawful. The *Schaeffer case* is still the law of Ohio, subject to such modification thereof as may be imposed in the later case of *Jackson* v. *State,* 101 Ohio St., 152, 127 N. E., 870, 871. In that case Judge Robinson states: "We adhere to the following pronouncement in the case of *State* v. *Schaeffer,* 96 Ohio St., 215, [117 N. E., 220, L. R. A., 1918B, 945, Ann. Cas., 1918E, 1137]: 'The unlawful act relied upon as the predicate for manslaughter must be the proximate cause of death. If death resulted from any other cause, or there be a reasonable doubt as to the unlawful act being the proximate cause of death, the jury should acquit.' We hold that in a prosecution for manslaughter, on account of the un-

intentional killing of a human being by striking him with a motor vehicle, while the motor vehicle is being operated in violation of a valid statute, a charge of the court which eliminates from the consideration of the jury the question whether the violation of the statute was the proximate cause of the death of the decedent is prejudicial and reversible error.''

Under the authority of those two cases it thereby became the duty of the court to admit evidence as to the alleged negligence of the decedent in driving his automobile, and to consider the same with reference to the proximate cause of the accident. It was also the duty of the trial court to charge with respect thereto.

The plaintiff in error, Driggs, was driving a Graham-Paige sedan on North Front street, and was approaching the intersection with Gay street. We think it is clear from the testimony which the state offered that Driggs was approaching said crossing at a high rate of speed, the evidence for the state being to the effect that his car was moving at from 50 to 60 miles an hour. Two young women were in Driggs' car at the time of the accident, and had been with him for some considerable time. Their evidence is to the effect that they looked at the speedometer shortly before the accident and noticed that Driggs was running his car at 65 miles per hour. There is other testimony to the effect that Driggs was running his car very rapidly. One of the police officers of the city of Columbus, who talked to Driggs shortly after the accident, says that Driggs admitted that he was running his car at the rate of from 50 to 55 miles per hour. There were other witnesses to the same effect. Driggs

became a witness in his own behalf on the trial and stated that he was running his car at from 30 to not exceeding 40 miles an hour at the time of the accident; his defense, as we understand it, being that the car owned by Arista, the deceased, was moving east on Gay street and was running in excess of the statutory rate, and, as he claims, without lights, so that he did not notice the Arista car until it was too late to prevent the accident. The evidence on behalf of the state tends to prove that Driggs' car struck the Arista car near the driver's seat and the driver was almost instantly killed. De Lucca, who was riding with Arista at the time of the accident, testified that the lights upon his car were burning, and he was corroborated by the testimony of other witnesses for the state. The evidence offered by the state tends to prove that the view across the northwest corner of the intersection was obscured by a building erected up to the sidewalk lines, and therefore called upon both drivers to observe the statutory duty to reduce their speed so as to conform to the prescribed obligation as to the "assured clear distance ahead."

The testimony of De Lucca tends to prove that Arista drove his car to the intersection, stopped his car, went into low gear, and was driving across the intersection when he was struck by the Driggs car. De Lucca testified that he did not see the Driggs car approaching the Gay street intersection. The police who examined the car after the accident say that the gear was in second speed.

The jury had the right to accept and believe this testimony and give Arista protection in driving across the intersection, and it was the duty of

Driggs to slow up his speed so as to permit the Arista car to cross in safety.

After the collision the smaller car ran across the street and stopped on the sidewalk, and Driggs' car turned around and was stopped on the Gay street intersection.

Counsel for plaintiff in error insist that the charge contained in the indictment is too indefinite. However that may be, we think they might have had it made more definite by filing a motion for a bill of particulars. That was at least the opportunity of counsel. We think the indictment in the absence of such motion is sufficient under the authority of the *Schaeffer* and *Jackson cases,* above referred to. Upon this state of facts, and the evidence in support thereof, the case went to the jury.

The case was represented in the court below and is now represented in this court by able attorneys. The trial was conducted vigorously by all of the respective counsel, and many questions have been raised and are now argued to this court. Able briefs have also been presented by the respective counsel. It is contended, first, that the question of contributory negligence, if shown, would be a bar to the indictment, without regard to the question of proximate cause. The court allowed the evidence of contributory negligence to go to the jury and instructed them under the *Schaeffer* and *Jackson cases* as to proximate cause.

Upon the subject of negligence of the decedent we give herewith the charge of the court:

"On the other hand, if the death of the deceased was due solely to his own acts, the defendant would not be guilty even though you might conclude that

the defendant was at the time violating one or both of the statutes heretofore stated to you. But the defendant will not be excused because the deceased might have been at the time of the collision guilty of negligence which contributed to his own injury and death, if you also find that the defendant was at the time violating either one or both of said statutes, and that the defendant's unlawful act or acts, if any, in violating either or both of said statutes also directly contributed to cause the death of the decedent, that is, if the jury should find that said Ercole Arista, by his own conduct, endangered his own safety and contributed to his own injury and death, still if you find at the time of the alleged collision, which is claimed resulted in the death of the decedent, the defendant was in the commission of an unlawful act or acts, to wit, the violation of either or both of the statutes hereinbefore read, and that this violation, if any, of either or both of the statutes on his part contributed to the injury and death of the deceased, then you should find that the defendant is guilty, although you may find that the defendant's act or acts were not the sole cause of death of the deceased, provided you find also that the other essential elements which constitute the crime of manslaughter have been fully proven, as heretofore indicated.

"While the contributory negligence of the deceased, if any, is no defense, still the Court charges you that the conduct of the deceased should be considered in determining the proximate cause or actual cause of the death."

We think the charge as to negligence of the decedent, as given by the court, is correct under the

present holdings of our Supreme Court, that there is no prejudicial error, and that the verdict should be sustained upon the issue of proximate cause.

A controversy arose in the cross-examination of Driggs upon the subject of other offenses. This was a severe cross-examination, and counsel put to Driggs the question as to whether or not he had not been arrested upon other offenses. His testimony was as follows:

"Q. Were you arrested and convicted on or about the first of October, 1927, for the reckless operation of a motor vehicle? A. Yes, sir.

"Q. And sentenced to one day and costs at that time? A. One day, there was no costs.

"Q. You didn't pay the costs? A. No, sir."

On the following morning after the testimony of the defendant was concluded and counsel for Driggs had proceeded to other testimony, Mr. Chester, the then prosecutor, addressed the court and stated that the other offenses would relate to the violation of the city ordinances and that such testimony on cross-examination of the defendant, Driggs, was not competent. Then Mr. Chester stated he checked the affidavit over at the police court and found that he was arrested and convicted for a violation of an ordinance. The court then put the inquiry: "Were you thinking yesterday it was a violation of a state law?" Mr. Chester answered: "We did think it was a violation of the state; it carried days and, therefore, we considered it was a violation of the state law." Mr. Addison then moved that the court declare a mistrial and discharge the jury and impanel another jury for the trial of the case because of the misconduct of the prosecuting attorney in attempt-

ing to prejudice this party by introducing something he had no right to introduce. The prosecutor asked that all this testimony as to other offenses be stricken out and the court struck out all the evidence as to other offenses and directed that the jury disregard it, to which Mr. Addison, counsel for the defendant, excepted.

The Supreme Court has been liberal in allowing the interrogation of the defendant as to convictions of other state offenses. The first case is that of *John Coble* v. *State,* 31 Ohio St., 100, in which it was held that the conviction of state offenses can be shown by impeaching testimony, but that the conviction under an ordinance can not be so shown. In the case of *Harper* v. *State,* 106 Ohio St., 481, 140 N. E., 364, it was held in the syllabus:

"1. Under section 13659, General Code, the defendant in a criminal prosecution may be cross-examined as to his conviction of crime under state or federal laws.

"2. His conviction under a city ordinance is not competent. *(Coble* v. *State,* 31 Ohio St., 100, approved and followed.)

"3. If upon such cross-examination the defendant denies his conviction of such crime, the proper record of the conviction, duly authenticated, may be offered by the state in rebuttal, as bearing upon his credibility."

This position was upheld in the case of *Wagner* v. *State,* 115 Ohio St., 136, 152 N. E., 28, and in *Jackson* v. *State,* 29 Ohio App., 416, 163 N. E., 626. If the trial court was in error in allowing the cross-examination of Driggs on the subject of other offenses, we think such error was cured by his in-

struction to the jury to disregard the testimony. We do not think that this evidence is so prejudicial as to require a court, on motion, to grant a new trial, or this court, upon review, to reverse the judgment upon that ground. There are other legal questions involved, but we find none that would amount to prejudicial error. On the question of the guilt of Driggs we think the only doubtful issue is as to whether the Arista car proceeded across the intersection without its lights burning. That is, in our opinion, the most important evidence on the subject of negligence of the decedent. Driggs' testimony was important upon this issue. He states specifically that the car had no lights when it moved into the intersection, but we think that there was credible testimony which supports the state's claim that Arista's car had its lights burning at the time it moved into the intersection and that some or all of the lights were put out by reason of the collision. We, therefore, reach the conclusion that the jury, in returning its verdict of guilty, was within its rights under the evidence, and that such verdict is not manifestly contrary thereto.

We therefore find that the conviction is supported by sufficient evidence and that there is no prejudicial error in the record of the trial court.

*Judgment affirmed.*

HORNBECK and KUNKLE, JJ., concur.