**BECK v. UNITED STATES.**

No. 8391.

United States Court of Appeals
District of Columbia

Argued May 12, 1943.

Decided May 28, 1943.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C.,

with whom Messrs. Edward M. Curran, United States Attorney, and Bernard Margolius, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and VINSON and ARNOLD, Associate Justices.

PER CURIAM.

Appellant was indicted and convicted of robbery under the statute applicable to the District of Columbia.[1] On this appeal he says: "The sole point stressed * * * is the improper comment made by the trial judge in his argument [charge] to the jury and the failure of the trial judge to clarify an instruction requested by appellant."

The evidence for the United States was that at about 7:30 in the evening of August 1, 1942, on Third Street, between B and C Streets, Southeast, in the City of Washington, appellant and one Brown accosted one McGrath, whom they knew, and who was then in a drunken condition; and that while talking to him appellant stealthily put his hand in McGrath's trousers pocket and took out a $20 bill, later found by the Police in his possession on his arrest. This evidence was contained in the testimony of McGrath and two witnesses who said they saw the robbery, and one of whom immediately reported it to the Police. Appellant in his own testimony denied the charge in toto and testified that he was never at any time in McGrath's company at the point where the Government witnesses placed him.

On the argument to the jury counsel for appellant vigorously attacked the honesty of the testimony of the two Government witnesses, characterized the reporting of the robbery by one of them as the act of a busybody, and warned the jury that one of its members might himself be accused by such a person without justification and when so accused and arrested would be regarded by many as necessarily guilty. On this aspect of the case the court, in charging the jury, said that the question of the truth of the evidence of the witness-

---

[1] D.C.Code 1940 § 22—2901: "Whoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery, and any person convicted thereof shall suffer imprisonment for not less than six months nor more than fifteen years."

es was for their determination, and continued—

"* * * All I can say about it is this, that so far as reporting a robbery, if it occurred, to the police, as Mrs. Minnix says she did, that is not meddling, that is not being a busybody, that is what the law requires of citizens. It is not only the moral but the legal duty of a citizen to report a felony when they know it is committed. As a matter of fact, it is a violation of law not to do it. There is a specific statute which imposes that duty upon a citizen. So that fact alone would not make her a meddler or a busybody.

"Whether she has some interest which she is serving and which has made her biased in this case, I don't know. You can determine. She was before you and was examined. And the same with Smith. All I care to say about it is the fact that she reported, of itself, if there was a robbery, is not a thing that can be condemned."

If there is anything wrong with the language used by the court in this instruction, we are unable to detect it.

■■■ The remaining part of the charge which appellant claims was prejudicial was as follows:

"As to the testimony of these defendants [Beck and Brown], there is another thing which you have a right to consider. They have said that they in no wise participated in such an episode as had been related by the witnesses Minnix and Smith, that they were not there. If you believe from the evidence they were there and they were in some incident or episode of the apparent nature described by the witnesses Minnix and Smith, then you have a right to ask, Why have they denied it? If it was true they were there, why have they denied it? Is it because in their· own mind there is a consciousness of guilt and that they are trying to avoid the consequences thereof, is that the thing that dictates their minds, is that the thing that dictates false testimony upon their part, or is there some other reason?"

At the conclusion of the charge counsel for appellant called the judge's attention to this part of it and asked him to correct it by telling the jury that if Beck did not commit the robbery he had a perfect right to deny it. The court replied:

"I don't think you followed my charge at all. I said if they [the jury] believe beyond a reasonable doubt that Beck was there, as related by these two witnesses, and yet he denies that he was there, whether that is a false statement and if so whether it is dictated [induced] by reason or consciousness of guilt upon his part."

Considered in the view of this restatement in the presence of the jury, we think the instruction, while not ideal, was not improper. The jury could only have understood it as authorizing them to determine first whether Beck's statement that he was not at the location of the robbery was untrue, and if they found it so, to consider whether a guilty conscience induced the falsehood. We think the language used, though a little involved,· correctly informed the jury as to their duty in weighing the evidence. It was of course for them to say, as between the conflicting testimony of the witnesses, which was true and which was false, but we find nothing in this part of the charge which circumscribes or narrows this right. The universal rule in the Federal Courts is that the judge may in his discretion express his opinion upon the evidence, including the credibility of that of the accused, provided the jury is given clearly to understand that they are free to exercise their own judgment. Russell v. United States, 6 Cir., 12 F.2d 683. The challenged part of the charge does not violate this rule. It did no more than tell the jury to decide if the testimony of appellant that he was at another place was untrue, and, if they believed it was, whether it was said in an effort to establish an alibi because of the consciousness that otherwise he would be unable to escape the penalty of his act. Certainly it is well settled that any act or statement of the accused tending to show consciousness of guilt, including false statements made in an attempt to explain unfavorable facts, is admissible against him to be considered with other evidence in the case. Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090.

Considered as a whole the charge is clear and unbiased and we find nothing in it prejudicial to any of appellant's legal rights.

Affirmed.