## PREZZI v. UNITED STATES.

No. 652.

Municipal Court of Appeals for the District of Columbia.

Nov. 4, 1948.

R. Sidney Johnson, of Washington, D. C., for appellant.

Richard M. Roberts, Asst. U. S. Atty., of Washington, D. C. (George Morris Fay, U. S. Atty. and Sidney S. Sachs, Asst. U. S. Atty., both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This is an appeal from a conviction of negligent homicide.[1] The accident occurred about 1:00 a. m. at the intersection of 13th and Farragut Streets. Appellant was driving an empty Capital Transit bus south on 13th Street. The deceased, a young girl, was a passenger in an automobile being operated east on Farragut Street by one Goodrich. It is unnecessary to set forth the evidence in detail, as no claim is made that the evidence did not warrant submission of the case to the jury.

The first assignment of error relates to the refusal of the court to instruct the jury in accordance with two written requests submitted by appellant. The Court was first requested to charge that "The jury are instructed that even though you should find, from all the evidence, and beyond a reasonable doubt, that the defendant did operate the bus at an immoderate rate of speed, or in a reckless, negligent, or careless manner, yet it will be your duty to return a verdict of not guilty unless you shall also find, from all the evidence, and beyond a reasonable doubt, that the death of the deceased was the proximate result of the operation of the bus in such manner by the defendant." Although the court refused to instruct in the language requested, we think it did instruct in the substance of the language. The jury were told that it was incumbent on the Government to prove

[1] Code 1940, § 40—606. "Any person who, by the operation of any vehicle at an immoderate rate of speed or in a careless, reckless, or negligent manner, but not wilfully or wantonly, shall cause the death of another, shall be guilty of a misdemeanor, and shall be punished by imprisonment for not more than one year or by a fine of not more than $1,000 or both."

"that the defendant operated this bus at an immoderate rate of speed and in such a careless, reckless and negligent manner as to cause the death of this young woman." Again the jury were told that in order to return a verdict of guilty it was necessary that they find that defendant operated the bus at an immoderate rate of speed and that such action "caused the accident which resulted in death." And near the close of the charge the jury were told if they were unable to find beyond a reasonable doubt that defendant was driving "at an immoderate rate of speed and thereby caused the accident," or was driving "in a negligent manner and thereby caused the accident," or was driving "in a careless manner and thereby caused the accident," they should return a verdict of not guilty.

We think the charge as given by the court made it clear to the jury that before a verdict of guilty could be returned they were required to find not only that the bus was driven at an immoderate rate of speed but also that such speed caused the accident resulting in the death. Nowhere in its charge did the court use the expression proximate cause but we do not think that expression would have made the charge any clearer to the jury. The omission of the word proximate was not misleading.[2]

 The second requested instruction was to the effect that if the death was the proximate result of the negligence of the driver of the automobile in which deceased was a passenger, appellant was entitled to a verdict of not guilty. The trial court refused to instruct in the language requested but in its charge told the jury that if they found "that the accident was caused by the negligence of the driver of the other car, of course, you are to find this defendant not guilty. He is not responsible for what the other car driver did or for the negligence of the other car driver." Here also we think the charge given covered in substance the charge requested.

 From appellant's argument at the hearing it would seem that he takes the position that he could not be held guilty unless the jury found that his acts were not only the proximate cause of the death but also the sole cause, and that the jury should have been instructed that if the driver of the other vehicle was negligent and such negligence was a contributing or concurring cause of the accident then appellant was not guilty. This position is not well taken. There may have been more than one proximate cause of the accident, but if appellant drove at an immoderate rate of speed and such act was a proximate or direct cause of the accident, appellant is not relieved from responsibility because the negligence of another concurred in producing the result. This does not mean that the jury should give no consideration to the acts of the driver of the other vehicle. Those acts were to be considered so far as they shed light on the question of appellant's negligence and whether his negligence caused the death.[3] And, of course, if the negligence of the other driver was the sole cause of the death defendant was entitled to an acquittal.[4] The charge made this point clear. The jury were instructed not to ignore the other driver's actions, because whether appellant was driving at a moderate or immoderate rate of speed depended upon all the circumstances and the actions of the other driver were a part of the circumstances to be considered. They were also told "The point is, is it clear to you beyond a reasonable doubt that the defendant was driving at an immoderate rate of speed and that he was one of the causes of the accident— direct causes. If it was, then the fact that somebody else also caused it, that it took two to come together, makes no difference in this case." And, as already pointed out, the jury were told that appellant was not responsible for the acts of the other driver.

---

2 State v. Schaeffer, 96 Ohio St. 215, 117 N.E. 220, L.R.A.1918B, 945, Ann. Cas.1918E, 1137; State v. Martin, 62 Utah 69, 217 P. 966.

3 People v. Marconi, 118 Cal.App. 683, 5 P.2d 974; State v. Campbell, 82 Conn. 671, 74 A. 927, 135 Am.St.Rep. 293, 18 Ann.Cas. 236; Driggs v. State, 40 Ohio App. 130, 178 N.E. 15; People v. Barnes, 182 Mich. 179, 148 N.W. 400.

4 Sinclair v. United States, 49 App.D.C. 351, 265 F. 991; Howell v. State, 200 Ind. 345, 163 N.E. 492; Warner v. State, 104 Ohio St. 38, 135 N.E. 249.

The next assignment of error is the admission in evidence of a traffic regulation limiting the speed on 13th Street, where the accident occurred, to 25 miles per hour. The statute provides that in any prosecution for negligent homicide "whether the defendant was driving at an immoderate rate of speed shall not depend upon the rate of speed fixed by law for operating such vehicle." Code 1940, § 40—608. Appellant contends that the effect of the quoted provision is to make inadmissible any speed regulation. We think it is clear that the statute means that proof that defendant exceeded the speed limit does not of itself establish that defendant was driving at an immoderate rate of speed, and likewise that proof that defendant did not exceed the speed limit does not of itself establish that he was driving at a moderate rate. In other words, the statute says immoderate rate of speed is not to be determined by traffic regulations. It is the intent of the statute that moderate or immoderate speed shall be determined in each case as a fact from all the surrounding circumstances and shall not depend on violation or compliance with speed regulations. However, the statute does not expressly prohibit evidence of speed regulations and we think such regulations are admissible as one of the circumstances to be considered by the jury, along with all other circumstances, in determining the question of immoderate speed. The trial court instructed the jury that immoderate speed means speed beyond reasonable limits and must be determined by all the circumstances, including the speed regulation, and that 40 or 50 miles an hour could be reasonable speed under certain circumstances while under other circumstances 5 or 10 miles an hour could be unreasonable. In our opinion the regulation was properly admitted under the court's charge. We may say that Michigan is the only other jurisdiction, called to our attention, having a similar provision in its statute. There are numerous cases in that jurisdiction holding it is error to instruct that violation of the speed law alone establishes negligence but in none of those cases is it said that the traffic law is inadmissible as one of the circumstances of the case.[5]

The next assignment charges that the court erred by invading the province of the jury in the course of its charge. In discussing the elements of the crime and in pointing out to the jury that in order to find the defendant guilty it was necessary to find, first, that defendant drove at an immoderate rate of speed, and, second, that such speed was the cause of the collision resulting in the death, the court said:

"Although I am leaving it to you—I don't see how on this evidence if you find that this bus driver was going at an immoderate rate of speed, I don't see how you can find that didn't cause the accident. You can judge that for yourselves but as I see it speed would have to do with his having been at that particular spot at that particular time, since he drove directly into this other car or this car into him and it doesn't matter which—you have to decide that—I don't see how, if he was going at an immoderate rate of speed, it didn't cause the accident."

And later in its charge the court said:

"Now, we have assumed you can find after you weigh the evidence that this defendant was going at a certain speed and that it was immoderate. Then you decide that caused the accident, and as I have told you, I will let you decide it, but so far as I can see this is not binding on you. You can reject it if you differ with me, but I can't see how in the name of common sense if he was going too fast, immoderately, and crashed into the other car that was not the cause of this accident. All you can say is it might have been one of two causes, the other man was going too fast, and I have already told you that makes no difference."

When the charge was completed the following occurred out of the hearing of the jury:

Appellant's counsel: "I want to take exception for the record to your Honor's statement to the jury as to your opinion, as I understood it to be, if they find that the defendant was operating at an im-

5 People v. Dougherty, 232 Mich. 46, 204 N.W. 763; People v. De Witt, 233 Mich. 222, 206 N.W. 562; People v. Spence, 250 Mich. 573, 231 N.W. 126.

moderate rate of speed that that must have caused the accident."

The Court: "I think I have a right, this being a Federal case, to comment on the evidence. That was fair comment and I will let it stand. I don't see how as a matter of fact in common sense they could do anything else."

■ The Federal rule is well established that the trial judge may in his discretion comment upon the evidence in a criminal case,[6] but the rule is not without limitation.[7] If the probable effect of the comment is to overcome the will of the jury and to substitute therefor the views of the court, then such comment goes beyond permissible bounds and becomes prejudicial error.[8] And the prejudicial effect cannot be wiped out by an admonition to the jury that they are not bound by the judge's opinion.[9] Whether the comment is fair or prejudicial must depend on the circumstances of each case.

■ To establish guilt of appellant it was necessary for the Government to prove that appellant by operation of the bus at an immoderate rate of speed caused the death of the young woman and the court so charged the jury. But in its comment the court, in effect, stated that in its opinion and as a matter of common sense if immoderate speed was established it followed as a matter of course that such speed caused the death. This statement contradicted, or at least materially weakened, the previous instruction that immoderate speed and death resulting therefrom were separate and essential elements of the crime; it could be understood by the jury as meaning that proof of immoderate speed in this case was of itself sufficient to sustain a verdict of guilty. Furthermore, the comment had a strong tendency to eliminate from consideration by the jury the question of whether the acts of the driver of the other vehicle were the sole cause of the collision.

We think the trial court went too far. The statement to the jury that the court was leaving the cause of the accident for their determination was of doubtful effect, when at the same time they were told that unless they found immoderate speed to be the cause their finding would be contrary both to the opinion of the court and to common sense. Of course, in no case can an appellate court, with any certainty, weigh the effect on a jury of a judge's comment. Perhaps the jurors themselves are never fully aware of it. But where it appears probable that a trial court has by comment invaded the fact-finding function of the jury, particularly in a criminal case, we feel that a new trial ought to be awarded.

Reversed with instructions to grant a new trial.

---

[6] Beck v. United States, 78 U.S.App. D.C. 10, 140 F.2d 169. See also Fook v. United States, 82 U.S.App.D.C. 391, 164 F.2d 716.

[7] Vinci v. United States, 81 U.S.App. D.C. 386, 159 F.2d 777,

[8] Smith v. United States, 55 App.D.C. 117, 2 F.2d 919.

[9] Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321.