**GENERAL ELECTRIC COMPANY, Plaintiff, v.
INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT
AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA
(UAW-CIO), RALPH W. GABE, et al, Defendants.**

Common Pleas Court, Hamilton County.

No. A-137254.  Decided June 22, 1953.

J. Mack Swigert, Hulse Hays, Jr., Cincinnati, for plaintiff.
Sol Goodman, Cincinnati, for defendants.

## OPINION

By WEBER, J.

The amended charge of contempt contains three different charges. This hearing has been conducted on the first charge which alleges that Ralph W. Gabe as the agent and member of the union committed certain acts on May 11, 1953 in violation of the injunction issued in case number A-137254 on April 13, 1953.

The plaintiff called the defendant as a witness to testify as upon cross-examination. Before the oath was administered, counsel for the defendant objected, without stating the grounds for the objection, to the defendant testifying. The court overruled the objection upon the assumption that the hearing was a civil proceeding. The oath was then administered and the defendant was asked whether he was a member of the union, to which he answered in the affirmative. No further objection was made. After the plaintiff rested its case, counsel for the defendant moved as follows:

"If the court please we move to dismiss the charge against the defendant Gabe and to declare a mistrial, particularly on the ground that his constitutional rights have been violated in having been called as a witness over his objection, and asked to give testimony and having been compelled to give testimony."

The first question presented is whether this is a criminal proceeding. Contempt proceedings are said to be quasi criminal, that is, they may be considered under certain circumstances as civil and under certain circumstances as criminal. The primary test is whether the principal purpose is to confer a benefit or restitution upon the plaintiff, or to punish the accused. If the injunctive order has commanded the accused to perform an act and the accused has failed to perform, the contempt proceeding is for the benefit of the plaintiff and the hearing is a civil proceeding. If the injunctive order has prohibited the doing of an act and that act has been completely performed in violation of the order, the hearing is usually held to be a criminal proceeding. However, it is not always so held. If the injunction was issued in a suit brought by a private party in which restitution by way of damages was sought and the contempt charge is filed in the same case, it may be held that the primary purpose set forth in the petition is restitution and for that reason that the hearing is a civil

proceeding, although the accused has completely performed an act prohibited by the injunction. **Remington Rand, Inc. v. International Association of Machinists, 6 O. O. 308; Hayes v. Hayes, 11 O. O. 10;** Gompers v. Buck Stove Company, 221 U. S. 418.

The next question is raised by the contention of the plaintiff that the objection to the defendant testifying against himself is a personal privilege and one which must be asserted by the defendant himself and which cannot be asserted by the defendant's attorney or anyone else and also that it must be asserted after the oath has been administered to the defendant. These rules have been applied in a number of Ohio cases. **State of Ohio v. Cox, 87 Oh St 313; Burke v. State of Ohio, 104 Oh St 220; Lawson v. Hudephol, 46 O. O. 11.**

In order to determine whether these rules should be applied to the situation here presented, an examination should be made of the nature of the situation in which they were applied and the reason for applying them.

When a witness is subpoenaed to testify before a grand jury concerning matters in which it may be developed he was engaged, it is not absolutely certain before he is sworn and questioned that he will be testifying against himself. He is not then the defendant accused of the offense which is the subject of the inquiry by the grand jury and it is not self-evident that if examined he will testify against himself. Knowledge that answers to particular questions will tend to incriminate such a witness exists only in the inner recesses of the mind of the witness. His attorney, even if permitted to be present, could not base an objection upon absolute first-hand knowledge. Questions calling for incriminating answers cannot be asked until the oath has been administered.

The same is true, but to a greater extent, where, in a criminal trial, one who is not the defendant therein is called as a witness.

In this case the defendant himself was called as a witness. To be admissible in a criminal trial the evidence must be relevant to the criminal act charged against the defendant. The only competent evidence is that which tends to prove the innocence or the guilt of the defendant. Where the defendant is called as upon cross-examination in a criminal trial the subject matter of possible self incrimination is not something existing only in the inner recesses of the defendant's mind. It has been disclosed in the charge against him. It is as well known to the party calling the defendant and to the defendant's attorney as it is to the defendant. In calling the defendant as upon cross-examination the intended purpose is to

solicit from him testimony which tends to prove his guilt. To reveal this purpose it is not necessary that questions be asked and answers be given under oath. Such purpose is self-evident. In such a situation there is no sound reason why the defendant's attorney, who has general authority to take all steps necessary to protect him, cannot make a valid objection to calling the defendant as a witness, even before the oath has been administered. Overruling such an objection is a direction by the court to the defendant to testify and is compulsion. Since the hearing must be treated as a criminal proceeding, the court committed error in overruling the objection.

The motion of the defendant is twofold; to declare a mistrial and to dismiss the defendant from the first charge set forth in the amended charge of contempt. Both phases of the motion are based upon the claim, which the court sustains, that to make the defendant amenable to the restraining order, he must have had actual knowledge of the restraining order or constructive knowledge by reason of his being an agent or member of the union; also the claim, which the court sustains, that the only evidence of such knowledge on the part of the defendant is his testimony that he was a member of the union at the time the acts complained of were committed and that such testimony is incompetent because it violates his constitutional right not to be compelled to testify against himself. However, the two parts of the defendant's motion are inconsistent. A ruling that there is technically a mistrial must be upon the premise that a finding that the defendant is guilty necessarily would be based, at least in part, upon such incompetent testimony and would require a retrial. In order to grant the motion for a dismissal, the court must construe the motion for a mistrial as a motion to strike said incompetent testimony from the record, which, if granted, deprives the plaintiff, at the time it rested, of all proof of one of the essential elements of its case, that is that the defendant was amenable to the restraining order.

The following cases approve the rule that such incompetent evidence, whether the proceeding is civil or criminal, and particularly if the case is tried to the court, should be stricken from the case or disregarded instead of declaring a mistrial and granting a retrial.

Booker v. Cincinnati (1936 C. P.), 22 Abs 286, in which the accused was charged with drunken driving. Over his objection he had been obliged to take certain tests which he claimed violated his privilege against self-incrimination. At the trial the doctor was permitted to testify with respect to these tests and the accused was convicted. On appeal, Judge Gorman

held that the doctor's testimony was incompetent, but that ignoring such testimony there was still enough evidence in the record to sustain the conviction.

In Killits v. State (1898), 19 C. C. 740, a proceeding was brought against a prosecuting attorney to remove him from office for gross misconduct. The court held this to be a criminal proceeding. At the trial the defendant was called to the witness stand over the objection of his counsel and was required to testify. The court found that this violated the defendant's right 'against self-crimination, and stated that:

"The evidence thus obtained must be disregarded by us: and as the defendant was the only witness called, and there was no other evidence submitted in support of the charges (the exhibits resting and depending upon his statement as to authenticity), we hold that the charges are not sustained by any competent evidence."

Similarly, in Carolene Products Co. v. United States (CCA 4; 1944), 140 F. (2d), 61, the defendants were called to the witness stand in violation of their right against self-crimination and were required to testify. The opinion states that:

"A motion to exclude the evidence so far as it applied to the witness was granted, with the consent of the District Attorney. The government then proved the connection of the individual defendants with the two corporations by certificate from the records of the state of incorporation."

Defendants' counsel then moved for a directed verdict for the individual defendants but the motion was denied."

The conviction of the defendants was affirmed by the Court of Appeals and also by the Supreme Court of the United States. 323 U. S. 18, 89 L. E. 15.

The rationale of this rule is well stated in the opinion in Oates v. United States, a contempt case (CCA 4; 1916), 233 Fed. 201, at page 205 where the court stated:

"In all these and many other cases the rule laid down by Chief Justice Marshall in Field v. United States, 9 Pet. 202, 9 L. Ed. 94, has been followed:

" 'As the cause was * * * not tried by a jury, the exception to the admission of evidence was not properly the subject of a bill of exceptions. But if the District Court improperly admitted the evidence, the only effect would be that this court would reject that evidence, and proceed to decide the cause as if it were not on the record. It would not, however, of itself constitute any ground for a reversal of the judgment!' "

The latest case on this rule is Stein v. The People of the State of New York, U. S. Supreme Court, reported in U. S. Law Week, June 16, 1953, wherein this question is thoroughly

reviewed. The majority opinion, written by Justice Jackson, holds that a confession obtained through coercion by the police does not always invalidate a murder conviction returned by a jury, and that the conviction may stand if other evidence produced at the trial was sufficient to justify the guilty verdict. The court held that the jury may find that the confession was involuntary and incompetent and totally disregarded it in reaching their verdict. See also §13449-5 GC; **State v. Polhamus (Ohio Court of Appeals, 1951)**, 106 N. E. (2d), 646; **Griggs v. State (1931), 4 Oh Ap 130**, 178 N. E. 15; appeal dismissed, 177 N. E., 633; 116 A. L. R. 558.

If the only matters before the court were the two motions of the defendant, the court would strike said incompetent evidence and grant the motion to dismiss the defendant Ralph Gabe. However, the plaintiff orally and later formally in writing made the following motion:

"Now comes the plaintiff and moves for leave to reopen its case and submit additional evidence in support of its case and the charges herein filed;" whereby it seeks an opportunity to present, before the defendant proceeds with his case, evidence relevant to the amenability of the defendant to the restraining order. The following authorities support the rule that the trial court in a criminal case, may permit the plaintiff or the state, after it has rested its case, to reopen the case in chief and introduce evidence which may have been omitted and which is necessary to prove its case.

In **State v. Grundstein (1943)**, 69 N. E. (2d), 418, Ohio, C. A. Franklin County, the state was prosecuting the defendant for receiving and concealing stolen automobile tires, and overlooked the presentation of evidence on the question of the value of the stolen property. This was not discovered by the prosecutor until after all of the evidence was in and the attorney for the defendant had closed his argument to the jury. Thereupon, the prosecutor moved for leave to permit the presentation of evidence as to the value of the stolen property. The court granted the motion and the defendant was convicted. Conviction was affirmed on appeal.

In **Vecchio v. Ohio (1930), 32 O. L. R. 553**, the prosecutor was permitted to reopen the case after the defendant had completed its argument to the jury to introduce evidence as to the age of the defendant. Conviction was affirmed, the Court of Appeals stating that:

"Coming to the assignment of error that the court erred in permitting the state to offer testimony concerning defendant's age after both the state and the defense had completed its argument, upon examination of the record we find that there

is no prejudicial error here for the reason that the state had failed to show that the defendant was over the age of eighteen as provided for in the statute, and we think it would have been clear error on the part of the court under such a situation to refuse the application of the state, even at that stage of the trial, to offer evidence concerning the defendant's age. It was a matter of discretion, and we do not think there was any abuse of it when we come to consider the circumstances and facts surrounding the case at the time." (Emphasis added.)

Hughes v. State, 9 Cir. Ct. (N. S.) 369; affirmed 77 Oh St 640; Syl. 2:

"It is within the discretion of the court to grant permission to the prosecution to introduce additional evidence in chief after the close of the defense, and after requests for instructions to the jury have been passed on."

The defendant argues that the court in overruling the objection to the defendant, Gabe, testifying, in effect discharged said defendant so that he might be a witness for the state. In support of said argument the defendant cites §13442-13 GC (§2945.15 R. C.), which reads:

"When two or more persons are tried jointly, before any of the accused has gone into his defense, the court may direct one or more of such accused to be discharged that he may be a witness for the State."

There is nothing in the proceedings which make this section of the code applicable, particularly since the defendant Gabe was called as upon cross-examination and not as the witness of the plaintiff.

The motion of the defendant to strike incompetent testimony of the defendant should be and is hereby granted.

The motion of the defendant that he be dismissed should be and is hereby overruled.

The motion of the plaintiff to reopen its case in chief for the purpose of introducing evidence relevant to the defendant's amenability to the restraining order should be and is hereby granted.