**Wilburn A. GRAHAM, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 1882.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 22, 1956.

Decided Nov. 20, 1956.

Douglas A. Clark, Washington, D. C., for appellant. George H. Eggers, Washington, D. C., also entered an appearance for appellant.

Richard W. Barton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel,

Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges; and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Appeal from a conviction of violating a Traffic and Motor Vehicle Regulation (Section 22(a), Part I, Article VI), which reads as follows:

> "No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the street or highway in compliance with legal requirements and the duty of all persons to use due care."

Appellant contends the evidence was not sufficient to justify a conviction. The government's witnesses were a police officer and the driver of the other vehicle (a truck) involved in the collision who testified generally to the following effect: The driver of the truck was traveling west on Rhode Island Avenue approaching Lincoln Road and indicated his intention to make a left turn by a mechanical turn signal; that he did not see defendant's automobile before the collision; that as he was making the left turn at 10 to 15 miles per hour the right front side of his truck was struck by the "full front" of defendant's automobile, the entire front of which was extensively damaged. Both vehicles were proceeding on a green traffic light.

According to the officer, defendant told him he had been driving east on Rhode Island Avenue at 25 miles per hour; that when he first saw the truck it was about two car lengths away, traveling between 5 and 10 miles an hour and making a left turn in front of him; that he immediately applied his brakes but could not avoid the collision. The officer measured the skid marks admittedly made by defendant's automobile and found them to be 41 feet overall, while those from the front wheels extended for 31 feet, ending at the point of impact. These marks were on a dry roadway and up a slight grade. There were no skid marks made by the truck. Defendant offered no evidence and the trial judge found him guilty.

Counsel has presented an earnest and carefully prepared argument based on the theory that the evidence does not support the charge that defendant was driving at a speed greater than reasonable and prudent, or that he failed to so control his speed as to avoid colliding with the truck. The argument is not persuasive. The evidence as to defendant's skid marks, the nature and force of the impact, and other evidence concerning the position of the vehicles after the collision, fully warranted a finding that defendant was driving much faster than the regulation contemplated. There is no ground whatever to justify a reversal. See Barnard v. District of Columbia, D.C.Mun.App., 125 A.2d 514.

There is no validity to appellant's contention that the driver of the truck was the sole cause of the collision because he made a left turn "without observing the proximity of the appellant's automobile." The truck driver said that before starting his turn he looked and though he saw another automobile a half block away he did not see defendant's automobile. The trial judge had a right to believe this testimony and to infer therefrom that defendant came upon the scene at an excessive speed. But even if it be assumed that the truck driver was violating some traffic violation this would not as a matter of law absolve defendant. See Prezzi v. United States, D.C. Mun.App., 62 A.2d 196.

Appellant says the information on which he was tried was invalid because it bore only the printed name of the Corporation Counsel but no written signature. Aside from the fact that the point was not made in the trial court, it has no merit. In precisely the same situation we have held that where an information did not contain the signature of an Assistant Corporation Counsel attesting the oath of the complaining witness, this was nothing more than a defect in form and in no way prejudiced the defendant. Perlich v. District of Columbia, D.C.Mun.App., 90 A.2d 227.

Affirmed.