(No. 5839.   April 8, 1933.)

STATE, Respondent, v. O. E. MONTEITH, Appellant.

[20 Pac. (2d) 1023.]

Peterson & Clark and Hodgin & Hodgin, for Appellant.

Fred J. Babcock, former Attorney General, Z. Reed Millar, former Assistant Attorney General, and Bert H. Miller, Attorney General, for the State.

GIVENS, J.—May 6, 1931, about 7 o'clock in the evening, still daylight, the defendant, accompanied by one Stockamp, was driving east in his automobile on the east and west state highway between Twin Falls and Kimberly, at a speed estimated by defendant at from 30 to 35 miles per hour, and by other witnesses at from 40 to 50 miles per hour. Going in the same direction immediately in front of him were two other au'omobiles, one being driven by Reverend Van Valkenburgh, the lead car by one Carl Siever. The defendant turning his car to the left and increasing his speed in order to pass these two cars, struck one James Corbett Tabor, a lad of 17 years, who was walking west on the north part of the highway, hurling him some 36 feet to the east and north, and almost instantly killing him. The defendant continued for approximately 200 feet, stopped his car, and backed up to the scene of the accident, where Van Valkenburgh and Siever had already stopped, and parties living in the vicinity had congregated.

Appellant was charged with involuntary manslaughter, committed by driving an automobile in a reckless, careless and heedless manner; driving while under the influence of intoxicating liquor; not on his right side of the road, and at an excessive speed.

Section 19–1313, I. C. A.: "The indictment must charge but one offense, but the same offense may be set forth in different forms under different counts, and, when the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count," expressly approves the charging of offenses in this manner, i. e., committed in one or more of several different ways (31 C. J. 764–767), and not more than one offense is stated. (*State v. Brooks,* 49 Ida. 404, 288 Pac. 894; *State*

*v. Gee,* 48 Ida. 688, 284 Pac. 845; *People v. Collins,* 195 Cal. 325, 233 Pac. 97, at 107.)

From a verdict of guilty of manslaughter by reason of reckless driving, appellant appeals.

The showing on the part of defendant in support of his motion for a change of venue consisted solely of an affidavit by him with regard to his view of prejudice in the county and excerpts from articles printed in local newspapers about the accident, and the fact that a similar accident had happened the same evening, involving another party. As opposed to this, there are a large number of affidavits by residents of Twin Falls county that there was no prejudice there, and that defendant could secure a fair trial. The showing *pro* and *con* shows no abuse of discretion in the trial court's denial of the motion for change of venue.

Assignment No. 3 challenges certain portions of the prosecuting attorney's opening statement to the jury. The defendant only asked for an exception to these remarks, which was granted by the court; therefore there was no adverse ruling of the court to criticise. It does not appear that the prosecutor attempted to do more than present to the jury a chronological statement of the happenings at the time of the accident, and immediately thereafter. His statement as to handcuffs on the defendant was evidently based upon the testimony of the witness Briggs. The prosecutor desisted from further statements or examination of the witness when objection was made, the trial court ruled with the defendant, and therefore we do not believe that this incident, either as given in evidence or as referred to by the prosecuting attorney, was prejudicial.

Assignments Nos. 5, 6, 7, 8, 9, 10 and 11 involve the objection to the admissibility of one of deceased's shoes, and his overalls, and various bottles of liquor, the latter claimed to have been found in defendant's car by the arresting and peace officers of Twin Falls county immediately following the accident, and in a later search made of the car some three or four miles from the accident, while it was being driven to Twin Falls by a citizen specially deputized by

the sheriff to drive it in, bringing the defendant therein; and objection, to two questions asked of Mr. Prater, the sheriff, as to the contents of certain of these bottles.

█ The objection to the introduction of the shoes and overalls was that they did not tend to prove any issuable fact, and were introduced solely for the purpose of prejudicing defendant by their gruesome effect. Evidence was introduced on the part of the state to the effect that when deceased's body was picked up, one shoe had been torn off by reason of the force of the impact of the automobile against his body, and there was evidence that the body had been thrown, hurled, dragged or shoved some distance. The testimony was that the laces of the shoes had been torn, and these two exhibits were pertinent as corroborative of this testimony indicating the force of the impact, and therefore the speed of the automobile, and were admissible. (*State v. Dong Sing*, 35 Ida. 616, 208 Pac. 860; *State v. Breyer*, 40 Ida. 324, 232 Pac. 560.)

█ The state offered evidence that after the accident, and while defendant was being taken to Twin Falls in his own car, he threw one or more bottles of liquor from the car. One of these was later picked up and brought in by the sheriff. At the same time defendant attempted to throw out some others, but was prevented from doing so by the deputy, and these bottles were traced from the custody of the special deputy to the sheriff to whom they were given by him, and were in the sheriff's exclusive possession up to the time of the trial. The other bottles were later found in the car by the peace officers, who put them in evidence at the trial. While broken glass found by the roadside, and bottles thrown out of the car and broken, and claimed by the state to have contained intoxicating liquor, were not admitted, the bottles of liquor admitted in evidence were sufficiently identified as containing intoxicating liquor to be admissible as bearing upon the question of defendant's being under the influence of intoxicating liquor, the bottles not being entirely full. There was no prejudice as to the questions asked the sheriff in regard to the contents of the

bottles, in view of the fact that the defendant himself admitted these bottles contained liquor.

Assignments Nos. 12, 13, 14, 15, 16, 17, 18, 19, 20 and 24 challenge evidence introduced tending to show that defendant was under the influence of intoxicating liquor; instruction No. 11, stating the extent to which defendant would have to have been under the influence of liquor to come within the ban of the statute, sec. 48-502, I. C. A.; in giving instruction No. 4 to the jury, and in refusing requested instruction No. 1. Assignments Nos. 14, 15, 16, 17 and 18 also urge as error the admission on rebuttal of evidence over defendant's objection, as to defendant's drinking at Contact and Twin Springs, Nevada, the afternoon of the fatal day. This was directly responsive as rebuttal to the testimony given in chief by defendant and on cross-examination, that he had not been drinking at these places.

The evidence as to defendant's condition was based on his actions, demeanor and appearance at the time of the accident; the odor of his breath, and direct testimony as to his drinking earlier in the afternoon about 3 or 4 o'clock at Twin Springs, from which point he drove almost directly to Twin Falls and from there to the scene of the accident.

Defendant urges instruction No. 11:

"You are instructed, Gentlemen of the Jury, that it is the law that it is not essential to the existence of the statutory offense that the driver of an automobile should be so intoxicated that he cannot safely drive a car. The expression 'under the influence of intoxicating liquor' includes not only all well known and easily recognized conditions and degrees of intoxication, but any abnormal or physical condition which is the result of indulging in any degree in intoxicating liquor and which tends to deprive the user of such liquor of that clearness of intellect and control of himself which he would otherwise possess.

"To be under the influence of intoxicating liquor, as prohibited by the laws heretofore referred to, one need not to have reached a state of actual drunkenness, but one only

need to be mentally or physically affected by alcoholic beverages to the extent of impairing to some degree one's judgment or ability to operate an automobile.'',

is more exacting than the weight of judicial authority justifies. This instruction apparently follows the statement in *Packard v. O'Neil,* 45 Ida. 427, 262 Pac. 881, 56 A. L. R. 317, the defendant, however, taking the position that the statement in *State v. Frank,* 51 Ida. 21, 1 Pac. (2d) 181, is the correct one. It is unnecessary to determine whether the instruction was correct or not, for the reason that the jury did not find defendant guilty of manslaughter on account of being under the influence of liquor, but because of reckless driving. (*People v. Collins, supra.*) Therefore, even though incorrect, it was not prejudicial, since the jury had before them the information which detailed the four unlawful acts, and also were advised by instruction No. 13 as to the unlawful acts charged as the basis of the information for manslaughter that:

''You should all agree as to the specific act or acts in which the defendant was then engaged.''

We must assume that the jury followed the instructions and all agreed upon the act of reckless driving, because the verdict was not based upon the conclusion that defendant was under the influence of intoxicating liquor, and therefore the instruction, even though improper, may be disregarded. (*Callahan v. State,* 14 Ga. App. 442, 81 S. E. 380; *Quinn v. State,* 22 Ga. App. 632, 97 S. E. 84; *State v. Barnes,* (Mo. App.) 256 S. W. 496; *State v. Prouty,* 94 Vt. 359, 111 Atl. 559; *Guy v. State,* 37 Ind. App. 691, 77 N. E. 855.)

Assignment No. 24 complains of the refusal to give requested instruction No. 1. Since the jury found as above stated, that the death was due to reckless driving, we need not consider this assignment, and the same is true of assignment No. 25, as to the refusal of requested instruction No. 2.

Appellant challenges instruction No. 4 and the refusal to give requested instruction No. 6. Requested in-

struction No. 6 is not the law, because the statute embodied in instruction No. 4 prescribes a speed limit; namely, that set forth in subdivisions 3 and 4 thereof:

"Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving and upon conviction shall be punished as provided in Section 60 of this act.

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb or property of any person.

"Thirty-five miles an hour under all other conditions. . . . . "

The so-called law of the road was particularly pertinent in view of the admission by defendant that Van Valkenburgh's car was probably going at about 30 miles per hour, and that he had to drive 35 or 40 miles per hour to pass it, and that immediately prior to passing the car he had a clear vision of only six or seven feet to the left of Van Valkenburgh's automobile. (*York v. Alho*, 52 Ida. 528, 16 Pac. (2d) 980.)

The above discussion disposes of assignment No. 26, with regard to the failure to give requested instruction No. 3.

Assignment No. 22 challenges instruction No. 20:

"The jury are instructed that if you believe from the evidence that any witness has wilfully sworn falsely on this trial as to any matter or thing material to the issue of the case, then you are at liberty to disregard his entire testimony, except in so far as it has been corroborated by other credible evidence, or by facts and circumstances proved on the trial.",

which has been approved by this court in *State v. Farnsworth,* 51 Ida. 768, 10 Pac. (2d) 295, and the numerous cases cited therein.

Complaint is made of instruction No. 13 because of the statement that "You should all agree as to the specific unlawful act or acts in which the defendant was then engaged," it being contended that it implied that defendant *was* engaged in an unlawful act. The court pointed out in the first portion of the instruction that the jury must find from the evidence beyond a reasonable doubt that the defendant had committed such acts, and the jury could not have been so misled.

Assignment No. 30 raises the refusal of the court to give requested instruction No. 7:

"You are instructed that if you find from the evidence that the defendant is not guilty of manslaughter as herein defined, you may find him guilty of reckless driving as herein defined—which is included in the larger offense of manslaughter."

The general rule is that on a charge of manslaughter no instruction covering lesser offenses is necessary if the evidence shows that defendant is either entirely innocent or guilty of manslaughter (*State v. Flory,* 203 Iowa, 918, 210 N. W. 961; *State v. Miller,* 91 Mont. 596, 9 Pac. (2d) 474; 16 C. J., p. 1024, sec. 2452, note 86), unless the evidence clearly shows that defendant might be guilty either of the intermediate offense or the greater. (*State v. Williams,* 185 N. C. 685, 116 S. E. 736; *Nevarez v. State,* 22 Ariz. 237, 196 Pac. 449; *State v. Robinson,* 188 N. C. 784, 125 S. E. 617; 16 C. J., p. 1023, sec. 2451.)

It is also held that the refusal to give an instruction on the lesser offenses is more, rather than less, favorable to the defendant, because if the jury was convinced that he was not guilty of the greater offense, they would acquit him. (*State v. Brooks, supra;* 8 Cal. Jur., p. 377, sec. 409.)

The defendant, however, urges that the question of proximate cause was one of fact for the determination of the jury, and that the refusal of the court to so instruct took

from the jury consideration of such question. The issue of proximate cause in this case was for the jury, and the court carefully instructed as to proximate cause and the necessity of the jury finding that negligence or some other unlawful act of the defendant was the proximate cause of the death. (Subdivision 5, instruction No. 13.)

Defendant, to sustain his position on this point, must concede that the jury could have found him guilty of reckless driving. If guilty of reckless driving, and if there is no evidence to show any intervening cause between the negligent driving and the infliction of the death blow, then there is no evidence to justify the giving of an instruction on the lesser offense, as the defendant would perforce be guilty of manslaughter.

Ohio is apparently the only state which has considered the contention as to proximate cause urged by defendant herein.

*State v. Schaeffer,* 96 Ohio St. 215, 117 N. E. 220, Ann. Cas. 1918E, 1137, L. R. A. 1918B, 945, holds that where all the evidence clearly shows that the unlawful act relied upon directly caused the death, and no evidence appears to the contrary, the failure of the court to charge on a lesser offense is not error. The case further holds that the unlawful act relied upon as the predicate for manslaughter must be the proximate cause of death. In the latter particular, the case is followed by the same court in *Jackson v. State,* 101 Ohio St. 152, 127 N. E. 870, and by the court of appeals in *Driggs v. State,* 40 Ohio App. 130, 178 N. E. 15. The latter rule, however, does not require an instruction on a lessor or included offense unless such offense is shown by the evidence, and the questions of proximate cause and lesser offense are two distinct propositions. This is shown by the reasoning in the opinion in *Bell v. State,* 7 Ohio App. 185, 196:

"It is further insisted that the trial court erred in refusing to charge on the subject of assault and battery. If the defendant was operating a car at a greater speed than was allowed by Section 12604, General Code, and if this resulted directly in the death of Donald Fallon, then the defendant

was guilty of manslaughter. If the speed at which the defendant was operating the car was not in violation of that statute, or if it was not the direct cause, or one of the direct causes, of the death of Donald Fallon, then he was entitled to a verdict of not guilty. We see no reason why the trial judge should have been required to charge the jury on the subject of assault and battery. The case appears to be directly within the holding of the supreme court in *State v. Vancak*, 90 Ohio St. 211, 214 [107 N. E. 511], and *State v. Schaeffer*, 96 Ohio St. 215 [117 N. E. 220, Ann. Cas. 1918E, 1137, L. R. A. 1918B, 945]. The record discloses that Donald Fallon lost his life by reason of the unlawful conduct of the accused in operating his machine at a speed in violation of the statute."

The supreme court of Ohio in *State v. Champion*, 109 Ohio St. 281, 142 N. E. 141, 143, followed *State v. Schaeffer*, *supra*, and *Bandy v. State*, 102 Ohio St. 384, 131 N. E. 499, 21 A. L. R. 594, in holding that the trial court was correct in refusing to instruct on the lesser offense.

The instruction on proximate cause, so far as it affects the question of instructing on any lesser offense, was not erroneous. (*State v. Martin*, 69 Utah, 69, 217 Pac. 966. See, also, *State v. McDonald*, 51 Mont. 1, 149 Pac. 279, as to instructing on the lesser offense.)

The court did not err in refusing to give defendant's requested instruction No. 7, and therefore it was unnecessary to supply the jury with a verdict that would enable them to find that defendant was guilty of reckless driving and not manslaughter, as contended in assignment No. 23.

Many of the cases cited by appellant can be distinguished from the present case:

*Moore v. State*, 151 Ga. 648, 108 S. E. 47. The supreme court affirmed the judgment of the lower court when the instruction as to the lesser offense was not given, in effect recognizing the exception set out in *State v. Brooks, supra*, viz., that where there is no evidence tending to reduce the offense charged, the lesser offense need not be instructed upon.

*Bailey v. State,* 153 Ga. 413, 112 S. E. 453. This case merely states the general rule that such an instruction may be given where the evidence requires it.

*State v. Dimmitt,* 184 Iowa, 870, 169 N. W. 137. Here the defendant was found guilty of second degree murder, and complained because he contended that he was guilty of first degree or nothing. It is interesting to note that in many cases the defendant has complained because the instruction was given, and in others because it was not.

In *State v. Braxton,* 157 La. 733, 103 So. 26 (on rehearing), the court reversed the rule announced in the former opinion (103 So. 24), and held that it was the duty of the court to instruct on the lesser offense only when the evidence warranted such instruction.

*People v. Allie,* 216 Mich. 133, 184 N. W. 423. This case merely follows the general rule, and is further inapplicable herein because in this state there are no degrees of manslaughter.

*State v. Brinkman,* 145 Minn. 18, 175 N. W. 1006. This case follows the general rule that such instruction is proper where the evidence warrants it.

*State v. Robinson,* 188 N. C. 784, 125 S. E. 617. The court held the lesser offense (manslaughter) should have been submitted because of the possibility that defendant might have been convicted of either under the evidence.

*Jones v. State,* (Tex. Cr.) 216 S. W. 884. The court held that where there were circumstances that tended to reduce the charge of murder to manslaughter, the jury should be instructed as to the lesser offense.

*People v. Smith,* 187 N. Y. Supp. 836. The holding in this case is similar to that in *State v. Brooks, supra.*

*State v. Mumford,* 69 Mont. 424, 222 Pac. 447, holds that wherever the evidence warrants it, the court must instruct upon every offense included in the crime charged. But see *State v. McDonald, supra, State v. Lewis,* 52 Mont. 495, 159 Pac. 415, *State v. Fisher,* 54 Mont. 211, 169 Pac. 282, *State v. Miller, supra,* which support the conclusion herein.

8 Cal. Jur., p. 376, sec. 409, merely states that the court must instruct on the lesser offense where the evidence justifies it.

■ Requested instruction No. 4 was sufficiently covered by instruction No. 16 as given, and instruction No. 13 substantially covered requested instruction No. 5.

Assignment No. 4 charges error in that the court did not instruct the jury to disregard evidence which had been stricken from the record. Defendant's reference to the record presents no incident of this kind as a basis for such instruction, nor was any request made for such instruction (*Advance-Rumely Thresher Co. v. Jacobs*, 51 Ida. 160, 4 Pac. (2d) 657), and the court specifically instructed the jury in No. 17 that they should not be influenced or controlled by evidence ordered stricken from the record by the court.

Instruction No. 15 challenged by assignment No. 32 was proper. (*York v. Alho, supra.*)

■ The main point urged under the charge of insufficiency of the evidence was the inability of the state's witnesses to properly gauge the speed of defendant's car. These witnesses were the drivers of the two cars which defendant attempted to pass, and parties working in the fields and residing near the scene of the accident. The testimony of these parties was admissible, and the weight, while for the jury, was amply sufficient to justify the conclusion that defendant was proceeding at a speed which under the circumstances was negligent. (*York v. Alho, supra; Clark v. Blair*, 217 Mass. 179, 104 N. E. 435; *Hawkins v. Ermatinger*, 211 Mich. 578, 179 N. W. 249.)

■ We have thus far considered the assignments of error mainly from the standpoint of the state's case. As bearing upon the question of prejudice, it is pertinent to notice that defendant admitted that he killed the boy; that his rate of speed was in excess of 30 miles per hour; that before passing the two cars, his vision did not extend more than six or seven feet; that he did not know at the time of the impact that he had hit the boy, and proceeded 60 or 70 feet before he stopped; that he had intoxicating liquor in

his car, and attempted to get rid of it, fearing its possession would militate against him; that he had been in Contact and bought intoxicating liquor, although he denied having imbibed any of it.

From a careful survey of the entire record, it is apparent that the evidence is sufficient to justify the verdict (*Nail v. State*, 33 Okl. Cr. 100, 242 Pac. 271, at 274), and no prejudicial errors appearing, the judgment and order denying the motion for a new trial are affirmed.

Budge, C. J., and Wernette, J., concur; Morgan and Holden, JJ., dissent.

Petition for rehearing denied.