IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 42726

| | | |
|---|---|---|
| DENNIS LYLE AKERS and SHERRIE L. AKERS, husband and wife, | ) ) ) | |
| Plaintiffs-Respondents, | ) ) | Boise, February 2016 Term |
| v. | ) ) | 2016 Opinion No. 50 |
| MARTI MORTENSEN, | ) ) | Filed: April 27, 2016 |
| Defendant-Appellant, | ) ) | Stephen Kenyon, Clerk |
| and | ) ) | |
| VERNON J. MORTENSEN; D.L. WHITE CONSTRUCTION, INC.; DAVID L. WHITE and MICHELLE V. WHITE, husband and wife, | ) ) ) ) ) | |
| Defendants. | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

The judgment of the district court is affirmed.

Wieland Perdue, PLLC, Boise, for appellant. Steven P. Wieland argued.

James, Vernon & Weeks, PA, Coeur d'Alene, for respondents. Susan P. Weeks argued.

---

HORTON, Justice.

This is an appeal from the district court's apportionment of attorney fees on remand from *Akers v. Mortensen*, 156 Idaho 27, 320 P.3d 418 (2014) (*Akers III*). We affirm the district court's apportionment and award of $55,917.21 in attorney fees.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case relates to a series of cases concerning the scope and location of Marti and Vernon Mortensen's easement across Dennis and Sherrie Akers' property. The dispute has been heard multiple times by this Court. *See Akers v. D.L. White Const., Inc.*, 142 Idaho 293, 127 P.3d

196 (2005) (*Akers I*); *Akers v. Mortensen*, 147 Idaho 39, 205 P.3d 1175 (2009) (*Akers II*); *Mortensen v. Stewart Title Guar. Co.*, 149 Idaho 437, 235 P.3d 387 (2010); *Akers III*, 156 Idaho 27, 320 P.3d 418; *Akers v. D.L. White Const., Inc.*, 156 Idaho 37, 320 P.3d 428 (2014). Although David and Michelle White, D.L. White Construction, Inc., and Vernon and Marti Mortensen joined together in appeals from district court in *Akers I* and *II*, Marti is the sole defendant who has appealed in the present case.

This case relates to a narrow issue that was the subject of our remand in *Akers III*. There, the district court had awarded $105,534.06 in attorney fees against the defendants. We remanded because the Akers were only entitled to an award of attorney fees under Idaho Code section 6-202 for those fees incurred in prosecuting the trespass claim and not for other theories of recovery. *Akers III*, 156 Idaho at 36, 320 P.3d at 427. We remanded the matter back to the district court for the "sole purpose" of apportioning the attorney fees the Akers were entitled to recover for prosecuting their trespass claim. *Id*.

On remand, Marti Mortensen (Marti) argued the Akers had not provided sufficient evidence to allocate attorney fees between the various causes of action. However, the Akers produced seventy pages of billing documentation, and their counsel went through that billing and marked every item that was chargeable to prosecuting the trespass claim, arriving at $55,917.21 in attorney fees. The district court found that this figure was reasonable and awarded fees in that amount. On October 2, 2014, the district court entered judgment awarding the Akers "apportioned attorney fees jointly and severally against each defendant in the amount of $55,917.21." Since that time Marti's former husband, Vernon Mortensen, passed away. Marti timely appealed.

## II.    STANDARD OF REVIEW

"[T]he calculation of a reasonable attorney fee is within the trial court's discretion." *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012); *see also Bumgarner v. Bumgarner*, 124 Idaho 629, 644, 862 P.2d 321, 336 (Ct. App. 1993) (reviewing the amount of attorney fees awarded under Idaho Code section 6-202 for an abuse of discretion). "When deciding whether a trial court abused its discretion, the standard is 'whether the court perceived the issue as one of discretion, acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and reached its decision by an exercise of reason.' " *Id.* (quoting *Read v. Harvey*, 147 Idaho 364, 369, 209 P.3d 661, 666

(2009)). "The burden is on the party opposing the award to demonstrate that the district court abused its discretion." *Id.* (quoting *Johannsen v. Utterbeck*, 146 Idaho 423, 432, 196 P.3d 341, 350 (2008)).

## III.   ANALYSIS

Marti's single issue on appeal asks: "Did the Court below properly allocate attorney fees[?]"

### A.  Marti has waived her challenge to the district court's apportionment of attorney fees.

Marti makes two arguments in her four pages of briefing.[1] First, she argues that punitive damages were improper because she is innocent of the conduct warranting punitive damages and because the perpetrator of the conduct is her deceased former husband, Vernon Mortensen. Second, she advances an argument that appears to relate to her liability for the underlying trespass claim, asserting that the Akers, not the Mortensens or Whites, were responsible for the damage that was the subject of the district court's award of trespass damages. Marti's effort to tie this argument to the district court's allocation of attorney fees is limited to a simple conclusory statement: "For all these reasons the Court below should have not allocated any attorney fees from related [sic] to this aspect of the dispute to Marti Mortensen."

Marti has failed to meet her burden of demonstrating any sort of abuse of discretion. A party challenging a lower court's calculation of a reasonable attorney fee bears the burden of demonstrating that the court abused its discretion. *Bailey*, 153 Idaho at 529, 284 P.3d at 973. It is impossible to construe Marti's argument as an argument that the district court abused its discretion in its allocation of attorney fees. Marti does not even mention the word "discretion" in her brief. Needless to say, she does not recognize the applicable standard of review or attempt to explain how the arguments she advances relate to that standard. Further, a party waives an appellate issue that is not supported with relevant argument or authority. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). The argument in Marti's brief is devoid both of

---

[1] Shortly before oral argument, new counsel appeared on Marti's behalf. Her new attorney, both at oral argument and in a subsequent filing, made a valiant effort on Marti's behalf to persuade this Court to consider arguments not previously advanced in her earlier briefing. Marti's new attorney was unable to persuade us to abandon our consistent rule that "[w]e will not consider assignments of error not supported by argument and authority in the opening brief." *Greenfield v. Wurmlinger*, 158 Idaho 591, 605, 349 P.3d 1182, 1196 (2015).

relevant argument and citation to legal authority.[2] Accordingly, she has waived her claim that the district court erred in its award of attorney fees.

**B.  We award attorney fees on appeal to the Akers.**

The Akers request attorney fees under Idaho Code sections 6-202 and 12-121. We do not reach their request under Idaho Code section 6-202 because we award attorney fees under Idaho Code section 12-121 and I.A.R. 11.2.

Attorney fees may be awarded under Idaho Code section 12-121 if an appeal was brought frivolously, unreasonably, or without foundation. *Crowley v. Critchfield*, 145 Idaho 509, 514, 181 P.3d 435, 440 (2007). We find this appeal to be frivolous and without merit. The subject of our remand was narrow and specific. As noted, we remanded "for the sole purpose of apportionment of attorney fees." *Akers III*, 156 Idaho at 36, 320 P.3d at 427. In her appeal, Marti has attempted to raise issues previously decided by this Court and outside the scope of our remand in *Akers III*. Thus, the Akers are entitled to an award of attorney fees pursuant to Idaho Code section 12-121.

We also award attorney fees against Marti's earlier attorney, Dustin Deissner, pursuant to Idaho Appellate Rule 11.2. Deissner represented Marti in *Akers III* and was the attorney who signed her brief in the present appeal. This Court has the authority to *sua sponte* award attorney fees pursuant to Idaho Appellate Rule 11.2. *Bettwieser v. New York Irrigation Dist.*, 154 Idaho 317, 330, 297 P.3d 1134, 1147 (2013). The Rule provides, in pertinent part, that:

> The signature of an attorney or party constitutes a certificate that the attorney or party has read the notice of appeal, petition, motion, brief or other document; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If the notice of appeal, petition, motion, brief, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the notice of appeal, petition, motion, brief or other document including a reasonable attorney's fee.

---

[2] Marti's Statement of the Case does cite three prior cases involving the present parties for the proposition that this appeal involves "an easement dispute which has been before the Court several times." The brief does not rely on these citations as authority for any proposition of law.

"We construe I.A.R. 11.2 in the same manner as I.R.C.P. 11(a)(1) because they have identical wording." *Jim & Maryann Plane Family Trust v. Skinner*, 157 Idaho 927, 936, 342 P.3d 639, 648 (2015).

> The attorney's or party's signature on a document constitutes two substantive certifications: (a) "that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," and (b) "that it [the document] is not interposed for any improper purpose." I.R.C.P. 11(a)(1). Both certifications must be accurate in order to comply with the rule. If either of them is not accurate, then the document would be signed in violation of the rule.

*Flying A Ranch, Inc. v. Bd. of Cnty. Comm'rs for Fremont Cnty.*, 156 Idaho 449, 453, 328 P.3d 429, 433 (2014). "[A]ttorney fees can be awarded as sanctions when a party or attorney violates either (a) the frivolous filings clause, or (b) the improper purpose clause." *Sims v. Jacobson*, 157 Idaho 980, ___, 342 P.3d 907, 914 (2015). We award attorney fees against Deissner, the attorney who signed Marti's appellate brief, under the frivolous filings clause.[3]

### IV. CONCLUSION

We affirm the district court's award of attorney fees. Additionally, we award attorney fees and costs to the Akers, with Marti and Deissner jointly and severally liable for their payment.

Chief Justice J. JONES and Justices EISMANN and BURDICK, **CONCUR**.

---

[3] Although not necessary to our decision, we observe that this is not the first time Deissner has woefully failed Marti in the course of representing her. Deissner's neglect in the instant appeal is entirely consistent with his earlier failings in *Akers III*. *See Akers III*, 156 Idaho at 32–36, 320 P.3d at 423–27 (deciding that three of Marti's five issues on appeal were waived or not preserved for appeal).